IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Amanda Neal, ) | C.A. No.: |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **C O M P L A I N T** |
| ) | |
| Reliance Standard Life Insurance ) | |
| Company, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Florida, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of the States of the United States, and which does business in Greenville, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits from the Defendant ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

IV.

Until August 2025, Plaintiff was employed with U.S. Bancorp and as an employee of U.S. Bancorp, Plaintiff was provided with long term disability insurance coverage via a plan which was sponsored by her employer and insured by Defendant.

V.

Plaintiff became disabled because of certain problems from which she suffered. Plaintiff was forced to cease working and she filed a claim for long term disability benefits with the plan.

VI.

The Defendant denied Plaintiff's claim. Plaintiff appealed the denial.  The Defendant has failed to respond to Plaintiff's appeal in a timely manner and, therefore, Plaintiff deems that administrative remedies on her claim are exhausted as is her right per 29 C.F.R. §2560.503-1.  Defendant, by refusing to respond to Plaintiff's appeal, failed to provide Plaintiff a full and fair review as guaranteed by ERISA.  Accordingly, further attempts to exhaust administrative remedies are futile.

VII.

Defendant made its claim decisions while operating under a conflict of interest which significantly influenced it to deny Plaintiff's claim and to refuse to consider important evidence provided by Plaintiff.  The decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process.  Instead, the decision was reached by deliberately refusing to consider relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.  Accordingly, Defendant operated under a conflict of interest which improperly and significantly influenced its claim decision.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and the evidence Plaintiff intended to provide to Defendant, but which Defendant failed to consider in reaching its final claim decision, and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which she seeks under the terms of the plan. Plaintiff tried to effectively appeal Defendant's denial, but Defendant failed to allow Plaintiff a reasonable opportunity to do so. Also, the court should conduct a *de novo* review of Plaintiff's claim because the plan administrator's refusal to meaningfully allow Plaintiff to appeal was a breach of fiduciary duty and further attempts to exhaust administrative remedies are futile. Alternatively, in the event that the court reviews the record and/or other relevant information and determines that the Defendant breach its fiduciary duty and/or abused its discretion by not allowing Plaintiff to meaningfully appeal, then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant. Should the court remand the matter or award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefits she seeks pursuant

to 29 U.S.C. §1132(a)(1)(B) and/or a remand of her claim, attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/ Nathaniel W. Bax  
Nathaniel W. Bax, Esq.  
Federal Bar #: 09835  
**FOSTER LAW FIRM, LLC**  
25 Mills Avenue  
Greenville, SC 29605  
(864) 242-6200  
(864) 233-0290 (facsimile)  
E-mail: nbax@fosterfoster.com

Date: October 31, 2025                    Attorneys for Plaintiff